UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY JOSEPH LATHAM ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 2:12-0097 |
| ] | Judge Sharp |
| ROLAND COLSON, WARDEN ] | |
|     Respondent. ] | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Roland Colson, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On March 12, 2005, a jury in Cumberland County found the petitioner guilty of aggravated child abuse.[1] Docket Entry No.16-3 at pg.71. For this crime, he received a sentence of twenty two (22) years in prison. Docket Entry No.16-2 at pg.66.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No.16-15. The Tennessee Supreme Court would later deny the petitioner's application for

---

[1] The petitioner was actually found guilty of two counts of aggravated child abuse. These counts, however, were merged into a single conviction. Docket Entry No.16-2 at pg.49.

1

further review. Docket Entry No.16-17.

The petitioner then filed a *pro se* petition for state post-conviction relief in the Criminal Court of Cumberland County. Docket Entry No.16-18 at pgs.15-29. Through counsel, the petitioner filed an amended post-conviction petition. Following an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs.58-59.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.16-23. Once again, the Tennessee Supreme Court rejected petitioner's request for additional review. Docket Entry No.16-25.

## II. Procedural History

On October 4, 2012, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). The petition sets forth eight claims for relief. These claims include :

1) the evidence was not sufficient to support the conviction;

2) the trial judge erred by admitting evidence of prior bad acts;

3) the trial judge erred by allowing the admission of petitioner's bedside statement to the victim (violation of clergy/penitent privilege);

4) the trial judge erred by allowing the state's experts "to render opinions to a reasonable degree of medical certainty to facts outside their field of expertise...";

2

5) trial counsel was ineffective for failing to develop an alternate theory explaining the victim's injuries[2];

6) it was error for the trial court to allow the perjured testimony of the victim's aunts, Sonda Harris and Shanna Manning;

7) post-conviction counsel was ineffective for failing "to fully develop and litigate petitioner's claim of ineffective assistance of trial counsel[3]; and

8) prosecutorial misconduct.

Upon its receipt, the Court conducted an initial review of the petition and determined that the petitioner had stated a colorable claim for relief. Therefore, by an order (Docket Entry No.11) entered November 27, 2012, the respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently before the Court is the respondent's Answer (Docket Entry No.15), to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition

---

[2] At trial, the petitioner was represented by Gregory P. Isaacs, a member of the Knox County Bar.

[3] During post-conviction proceedings, the petitioner was represented by James S. Smith, a member of the Roane County Bar.

as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6

4

(1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. <u>Manning v. Alexander</u>, 912 F.2d 878, 883 (6th Cir. 1990).[4]

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. <u>Lewis v.Jeffers</u>, 497 U.S. 764, 780 (1990).

The petitioner's evidentiary claims, i.e., the admission of prior bad acts evidence (Claim No.2)[5], the admission of the petitioner's bedside statement to the victim (Claim No.3), and certain medical testimony (Claim No.4), were offered to the state courts as perceived errors of state rather than federal law. Docket Entry No.16-13 at pgs.13-26.[6] As a consequence, these claims have

---

[4] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* <u>Adams v. Holland</u>, 324 F.3d 838 (6th Cir. 2003).

[5] This evidence consisted of prior instances of the petitioner harshly disciplining the five year old victim.

[6] In his treatment of the medical testimony (Claim No.4) on direct appeal, the petitioner made reference to both the Tennessee and Federal Rules of Evidence. Docket Entry No.16-13 at pg.23. Because the Federal Rules of Evidence have no application in a state criminal proceeding, this claim is deemed to have been

5

never been fully exhausted in the state courts as federal claims.

Unfortunately, at this late date, the petitioner is no longer able to raise his evidentiary issues as federal claims in state court. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument

---

exhausted as an error of state rather than federal law.

as to the precise cause and prejudice produced. <u>Lundgren v. Mitchell</u>, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. <u>United States v. Frady</u>, 456 U.S. 152, 170-72 (1982).

The petitioner's pleadings offer nothing to suggest cause for his failure to exhaust these claims as questions of federal law in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged violations. Consequently, petitioner's evidentiary claims (Claim Nos.2,3 and 4) will not support an award of federal habeas corpus relief. <u>Teague v. Lane</u>, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

The petitioner's seventh and eighth claims, i.e., the ineffectiveness of post-conviction counsel (Claim No.7) and prosecutorial misconduct (Claim No.8), were never raised in a state appellate court. *See* Docket Entry No.16-13 (direct appeal); Docket Entry No.16-21 (post-conviction). As noted above, state court remedies for these claims are no longer available. In the absence of cause and prejudice, the procedural default of those remedies is

unexcused and will not support an award of federal habeas corpus relief.

**B.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., sufficiency of the evidence (Claim No.1), the ineffectiveness of trial counsel (Claim No.5), and the alleged use of perjured testimony (Claim No.6), were considered by the state courts on the merits and have been fully exhausted.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. <u>Harrington v. Richter</u>, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the

8

state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

**1.) Sufficiency of the Evidence**

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* 99 S.Ct. at 2789. The only question this Court need answer "is whether that finding was so unsupportable as to fall below the threshold of bare rationality." Cavazos v. Smith, 132 S.Ct. 2, 4 (2011).

Petitioner's sufficiency of the evidence claim (Claim No.1) was presented to the state courts during the direct appeal of his conviction. Docket Entry No.16-13. The jury found the petitioner guilty of aggravated child abuse but acquitted him of the felony

9

murder of the five year old victim. The state courts found that there was sufficient evidence to support petitioner's conviction. This claim will provide a basis for federal habeas relief only if the Court finds that the ruling of the state courts on this issue was either contrary to or was an unreasonable application of clearly established federal law. Williams, *supra.*

At the time of the offense, an individual was guilty of child abuse in Tennessee for knowingly, other than by accidental means, treating a child under eighteen (18) years of age "in such a manner as to inflict injury ...". Tenn. Code Ann. § 39-15-401(a). The act of child abuse became aggravated when it resulted in serious bodily injury to the child. Tenn. Code Ann. § 39-15-402(1)(a).

Testimony shows that the young victim was five years of age. Docket Entry No.16-10 at pg.129. She suffered severe trauma to the head which led to her death. The victim was in the exclusive care of the petitioner at the time that she was found semi-unconscious. Docket Entry No.16-4 at pg.78. The petitioner did not immediately call for an ambulance but instead chose to wait for the victim's mother to arrive before seeking medical assistance. *Id.* at pg.79.

The petitioner told police that the victim was injured when she fell from some stairs outside their home. At least three doctors testified that this explanation of the victim's injuries was not consistent with the physical evidence. Docket Entry No.16-9 at pg.154; Docket Entry No.16-7 at pg.118; Docket Entry No.16-6 at

10

pg.44.

A clump of hair was recovered from the floor in the living room that was consistent with the victim's hair. Docket Entry No.16-7 at pg.87-88. In the victim's bedroom, an indentation in the wall was noticed which held some hair consistent with that of the victim. *Id*. The petitioner had previously been seen "back-handing" the victim hard enough to make her lip bleed. Docket Entry No.16-10 at pg.123. At the victim's hospital bedside, a chaplain overheard the petitioner say to her "Baby, baby, come back. Daddy won't hurt you." Docket Entry No.16-6 at pg.25.

From this evidence, any rational trier of fact could reasonably infer that the petitioner seriously injured the child victim while she was alone in his care. Therefore, it does not appear that the state courts violated clearly established federal law by holding that the evidence was sufficient to support a conviction for aggravated child abuse.

**2.) Ineffective Assistance of Counsel**

The petitioner also alleges that trial counsel was ineffective for failing to develop an alternate theory explaining the victim's injuries (Claim No.5).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. <u>McMann v. Richardson</u>, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving

11

that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner took the witness stand and testified that the victim fell from some stairs outside the home causing her fatal injuries. Docket Entry No.16-4 at pgs.78-79. A medical expert for the defense testified that the victim's injuries were consistent with a fall from the stairs as described by the petitioner. Docket Entry No.16-5 at pgs.64-65. At the post-conviction evidentiary hearing, defense counsel told the court that his strategy was dictated by the findings of their medical expert. Docket Entry No.16-19 at pg.17.

At trial, the petitioner stated that the victim had been dizzy and suffering from a headache that day, suggesting a reason for her fall. Docket Entry No.16-4 at pg.77. The jury apparently chose not to give this testimony the desired weight. The petitioner has not shown that another alternate explanation would have been more

successful. Defense counsel, therefore, did offer the jury an alternate explanation as to how the victim sustained her injuries.

The petitioner has failed to show that counsel was deficient in this respect. Nor has he shown any prejudice arising from counsel's failure to present another factual basis for the victim's injuries. In fact, during the post-conviction evidentiary hearing, the petitioner agreed that his attorney had "fought as hard as he could in that courtroom." Docket Entry No.16-19 at pg.70. Consequently, this Court finds that the state courts did not offend federal law by concluding that the petitioner had failed to establish a claim of ineffective assistance of counsel.

### 3.) The Use of Perjured Testimony

The petitioner's final issue is that the trial judge erred when he allowed the use of perjured testimony (Claim No.6). More specifically, he claims that the victim's aunts lied about previous acts of abuse.

Following the post-conviction evidentiary hearing, the trial judge found that "No proof was presented that the testimony of Sondra and Shanna Manning was anything but truthful at the time of trial." Docket Entry No.16-18 at pg.58. This finding of fact is entitled to a presumption of correctness, to which the petitioner has failed to rebut with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

13

## IV. CONCLUSION

Five of the petitioner's claims were never properly exhausted in the state courts (Claim Nos.2-4,7-8). The procedural default of the state remedies for these claims is unexcused. For that reason, these claims are insufficient to support an award of habeas corpus relief.

The state courts determined that the petitioner's fully exhausted claims lacked merit (Claim Nos.1,5-6). The record supports these findings. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims have no merit.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge